Lisa Hill Fenning (LF-9016) - *Admitted Pro Hac Vice*
DEWEY BALLANTINE LLP
333 South Grand Avenue, Suite 2600
Los Angeles, California  90071-1530
Telephone:     (213) 621-6000
Facsimile:     (213) 621-6100

Elizabeth M. Guffy (EG-8659) - *Admitted Pro Hac Vice*
DEWEY BALLANTINE LLP
401 Congress Avenue, Suite 3200
Austin, Texas  78701
Telephone:     (512) 226-0300
Facsimile:     (512) 226-0333

Irena Goldstein (IG-0736)
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, New York  10019-6092
Telephone:     (212) 259-8000
Facsimile:     (212) 259-6333

*Counsel for Appellant*
*The Northwestern Mutual Life Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

| | | |
|---|---|---|
| **In re:** | : | **Case No. 05-17923 (ASH)** |
| **DELTA AIR LINES, INC.,** *et al.,* | : | **Chapter 11** |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------X

**APPELLANT'S DESIGNATION OF RECORD AND STATEMENT OF ISSUES**
**TO BE PRESENTED ON APPEAL**

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, The

Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), claimant and

appellant, by and through its undersigned counsel, hereby designates the following items

to be included in the record on appeal from the Order with Respect to TIA/SLV

Objection 2 (the "Order") entered on July 19, 2007, by the Bankruptcy Court of the

Southern District of New York (Hon. Adlai S. Hardin):

**Content of record on appeal:**

1.  TIA/SLV Objection 1:  Objection by Delta Air Lines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims filed by DFO Partnership and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Dkt. No. 4627];

2.  TIA/SLV Objection 2:  Objection by Delta Air Lines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims Filed by Northwestern Mutual Life Insurance Company and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Dkt. No. 4628];

3.  Response of DFO Partnership to TIA/SLV Objection 1:  Objection by Delta Airlines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims filed by DFO Partnership and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Dkt. No. 4822];

4.  Affidavit of David B. Gebler in Support of Response of DFO Partnership to TIA/SLV Objection 1:  Objection by Delta Airlines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims filed by DFO Partnership and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Dkt. No. 4823];

5.  TIA/SLV Objection 3:  Objection by Delta Air Lines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims Filed by PMCC and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Dkt. No. 5110];

6.  TIA/SLV Objection 4:  Objection by Delta Air Lines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims Filed by ACO USA Investment Holding Company, Global Principal Finance and Wilmington Trust for Tax Indemnities and Stipulated Loss Values [Dkt. No. 5111];

7.  Ex Parte Motion for an Order Granting Northwestern Mutual Leave to File Certain Confidential Exhibits Under Seal [Dkt. No. 5269];

8.  Annex A to TIA/SLV Objection 3:  Objection by Delta Air Lines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims Filed by PMCC and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Dkt. No. 5338];

9.      Response of BNY Lease Equities (Cap Funding) LLC and BNY Capital Resources Corporation to Debtors' and Official Committee of Unsecured Creditors' TIA/SLV Objections 1, 2, 3, and 4 [Dkt. No. 5342];

10.     Response of the Verizon Owner Participants as Amicus Curiae Pursuant to 11 U.S.C. Section 1109(b) to Debtors' TIA/SLV Objections 1 Through 4 [Dkt. No. 5345];

11.     Exhibits A through D to Affidavit of David B. Gebler (Dkt. No. 4823) in Support of Response of DFO Partnership to TIA/SLV Objection 1: Objection by Delta Airlines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims filed by DFO Partnership and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Dkt. 5347];

12.     Response of The Northwestern Mutual Life Insurance Company to TIA/SLV Objection 2:  Objection by Delta Air Lines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims Filed by Northwestern Mutual Life Insurance Company and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Dkt. No. 5357];

13.     Declaration of Karen Stevens in Support of the Response of The Northwestern Mutual Life Insurance Company to TIA/SLV Objection 2: Objection by Delta Air Lines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims Filed by Northwestern Mutual Life Insurance Company and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Dkt. No. 5360][certain exhibits filed under seal];

14.     First Amended Affidavit of David B. Gebler in Support of Response of DFO Partnership to TIA/SLV Objection 1:  Objection by Delta Airlines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims filed by DFO Partnership and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Dkt. No. 5362];

15.     Response of Strategic Value Partners, LLC to TIA/SLV Objection 1 [Dkt. No. 5363];

16.     Response of Bank of America, N.A. to TIA/SLV Objection 2 [Dkt. No. 5364];

17.     Ex Parte Order signed on March 22, 2007, granting Northwestern Mutual Leave to File Certain Confidential Exhibits Under Seal [Dkt. No. 5384];

18.     Certain Exhibits to the Declaration of Karen Stevens in Support of the Response of The Northwestern Mutual Life Insurance Company to TIA/SLV Objection 2:  Objection by Delta Air Lines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims Filed by Northwestern Mutual Life Insurance Company and the Bank of New York

for Tax Indemnities and Stipulated Loss Values (filed under seal by order dated March 22, 2007)[Dkt. No. 5389];

19.    Response of Cargill Financial Services International, Inc. to TIA/SLV Objection 1: Objection by Delta Airlines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims filed by DFO Partnership and the Bank of New York for Tax Indemnities and Stipulated Loss Values, with Respect to Tail Number N958DL [Dkt. No. 5392];

20.    Response of Wilmington Trust Company, as Owner Trustee, to TIA/SLV Objection 1: Objection by Delta Airlines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims filed by DFO Partnership and the Bank of New York for Tax Indemnities and Stipulated Loss Values, with Respect to Tail Numbers N914DL, N915DL and N916DL [Dkt. No. 5393];

21.    Affidavit of Robert Brown in Support of the Response of Wilmington Trust Company, as Owner Trustee, to TIA/SLV Objection 1 [Dkt. 5395];

22.    Declaration of Joshua Dorchak in Support of Response of Cargill Financial Services International, Inc. to TIA/SLV Objection 1 [Dkt. No. 5396];

23.    Declaration of Joshua Dorchak in Support of Response of Wilmington Trust Company, as Owner Trustee, to TIA/SLV Objection 1 [Dkt. No. 5397];

24.    TIA/SLV Objection 5: Objection by Delta Air Lines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims Asserted by the Trilogy Entities and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Dkt. 5401];

25.    Response of The Bank of New York, as Indenture Trustee, to TIA/SLV Objection 2: Objection by Delta Air Lines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims Filed by Northwestern Mutual Life Insurance Company and the Bank of New York for Tax Indemnities and Stipulated Loss Values, with Respect to Tail Numbers N803DE and N804DE [Dkt. No. 5406];

26.    Limited Response of First Chicago Leasing Corporation and Banc One Equipment Finance, Inc., in Respect of TIA/SLV Objections 1 and 2 [Dkt. No. 5408];

27.    Reply in Support of Debtors' TIA/SLV Objection 2: Objection by Delta Air Lines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims Filed by Northwestern Mutual Life Insurance Company and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Dkt. No. 5456];

28. Response of PNC Equipment Finance, LLC, as Amicus Curiae to TIA/SLV Objections 1, 2, 3, and 4 Filed by Debtors and the Official Committee of Unsecured Creditors [Dkt. No. 5457];

29. TIA/SLV Objection 1:  Reply Memorandum of Delta Air Lines, Inc. and the Official Committee of Unsecured Creditors [Dkt. No. 5458];

30. Declaration of Lisa Hill Fenning in Support of the Response of The Northwestern Mutual Life Insurance Company to TIA/SLV Objection 2: Objection by Delta Air Lines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims Filed by Northwestern Mutual Life Insurance Company and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Dkt. No. 5475];

31. Transcript of Hearing Held on March 2, 2007, at 5:16 p.m. re:  DFO Partnership, TIA/SLV Objection [Dkt. 5503];

32. Supplement to the Response of the Verizon Owner Participants as Amicus Curiae Pursuant to 11 U.S.C. Section 1109(b) to Debtors' TIA/SLV Objections 1 and 2 [Dkt. No. 5609];

33. Response of Trilogy Special Situations Master Fund, LTD., Trilogy Portfolio Company LLC, Mariner LDC and Airline Recovery Partners III, LLC to TIA/SLV Objection 3:  Objection by Delta Air Lines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims Filed by PMCC and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Dkt. No. 5668];

34. Response of Wells Fargo Bank Northwest, National Association to TIA/SLV Objection 3 [Dkt. No. 5706];

35. Transcript of Hearing held on March 30, 2007, re conference:  "TIA/SLV" Objections 1 and 2" [Dkt. No. 5749];

36. Declaration of Michael J. Edelman in Support of Response of Wells Fargo Bank Northwest, National Association to TIA/SLV Objection 3 [Dkt. No. 5776];

37. Response of Trilogy Special Situations Master Fund, Ltd., Trilogy Portfolio Company LLC, Mariner LDC and Airline Recovery Partners III, LLC to TIA/SLV Objection 5 [Dkt. 5866];

38. Notice Regarding Response Deadlines for Certain TIA/SLV Objections [Dkt. No. 6116];

39. Decision on TIA/SLV Objections 1 and 2 signed May 16, 2007 [Dkt. No. 6160];

40.     Notice of Telephonic Conference with Respect to TIA/SLV Objections 1 and 2, set for May 21, 2007 [Dkt. No. 6177];

41.     Transcript of Telephonic Conference with Respect to TIA/SLV Objections 1 and 2 held on May 21, 2007 [Dkt. No. 6216];

42.     DFO Partnership's Motion for Reconsideration of Decision on TIA/SLV Objections 1 and 2 [Dkt. No. 6234];

43.     Motion by Delta Air Lines, Inc. and the Post-Effective Date Committee for Reconsideration of the Court's May 16, 2007 Decision Regarding TIA/SLV Objection 2 [Dkt. No. 6237];

44.     The Northwestern Mutual Life Insurance Company's Motion for Reconsideration of This Court's Decision on TIA/SLV Objections 1 and 2 [Dkt. No. 6238];

45.     Transcript of Telephone Conference Before the Honorable Adlai S. Hardin, held on July 10, 2007 [Dkt. No. 6532];

46.     Order with Respect to TIA/SLV Objection 2 [Dkt. No. 6467];

47.     Notice of Appeal [Dkt. No. 6521].


**Statement of Issues Presented on Appeal:**


1.     Whether the Bankruptcy Court erred as a matter of law by failing to determine Northwestern Mutual's contract claims under its tax indemnity agreements with Delta Air Lines, Inc. ("Delta") in accordance with applicable New York law, as required by established Supreme Court precedent, including the Supreme Court's decision in Travelers Cas. & Surety Co. v. Pacific Gas & Elec. Co., 127 S. Ct. 1199 (2007) ("Travelers").

2.     Whether the Bankruptcy Court erred as a matter of law in holding, contrary to Supreme Court precedent, including Travelers, that solely because Delta is in bankruptcy, it can be deemed to have satisfied the contractual prerequisites for establishing a defense of "payment" pursuant to Section 6(c) of Northwestern Mutual's

6

tax indemnity agreements (a "Section 6(c) defense") by distributing shares of Delta stock worth a fraction of the amount due under the applicable contracts, even though in an enforcement action in New York state courts, Delta would have had to prove that it had paid the full cash amount due under the applicable contracts in order to qualify for a Section 6(c)defense.

3.    Whether the Bankruptcy Court erred as a matter of law in holding that the word "pays" as used in Section 6(c) "must be construed in such a manner as to comport with the meaning of payment in the context of bankruptcy," instead of requiring that Delta prove that it had satisfied the contractual prerequisites for a Section 6(c) defense by complying with the express contractual provisions specifying the manner and amount of payments, contrary to the holding in Travelers that "claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed" by a specific provision of the Bankruptcy Code.

4.    Whether the Bankruptcy Court erred as a matter of law in holding that Delta could satisfy the elements of a Section 6(c) defense by tendering a payment in kind (i.e., shares of stock), instead of paying in U.S. dollars as required by the applicable contract terms.

5.    Whether the Bankruptcy Court erred as a matter of law in holding that Delta could satisfy the elements of a Section 6(c) defense by tendering a payment amount that was not calculated in compliance with the provisions of the tax indemnity agreements and the related transaction documents, instead of paying the full amount calculated according to the terms of the applicable contracts.

6.      Whether the Bankruptcy Court erred as a matter of law in holding that Delta could satisfy the elements of a Section 6(c) defense by stipulating to the allowance of claims filed by The Bank of New York pursuant to a compromise (i) on terms that violated express provisions of the applicable contracts and (ii) that was negotiated without Northwestern Mutual's participation or consent.

7.      Whether the Bankruptcy Court erred as a matter of law in holding that the provisions of the applicable contracts requiring that payment be made in U.S. dollars were not applicable to Section 6(c) of the tax indemnity agreements.

8.      Whether the Bankruptcy Court erred as a matter of law by interpreting the words "determined by reference thereto" in Section 6(c) of Northwestern Mutual's tax indemnity agreements in a manner contrary to their plain meaning and contrary to the clear intent of the parties to the tax indemnity agreements, thereby essentially nullifying the tax indemnity agreements.

Dated:   Los Angeles, California
         August 2, 2007

By:   __/s/ Lisa Hill Fenning_____

Lisa Hill Fenning (LF-9016)
DEWEY BALLANTINE LLP
333 South Grand Avenue, Suite 2600
Los Angeles, California  90071-1530
Telephone:     (213) 621-6000
Facsimile:      (213) 621-6100
lfenning@deweyballantine.com

COUNSEL FOR THE NORTHWESTERN
MUTUAL LIFE INSURANCE COMPANY

AU1 49965v6