STROOCK & STROOCK & LAVAN LLP
Lawrence M. Handelsman (LH-6957)
Kristopher M. Hansen (KH-4679)
Jayme T. Goldstein (JG-9054)
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

Counsel for Delta Air Lines, Inc.

AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel H. Golden (DG 5624)
David H. Botter (DB 2300)
Mitchell P. Hurley (MH 0740)
590 Madison Avenue
New York, New York 10022
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

Counsel for the Post-Effective Date Committee

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                          :        Chapter 11
                                               :
**DELTA AIR LINES, INC., et al.,**             :        Case No. 05-17923 (ASH)
                                               :
        Reorganized Debtors.[1]                :        (Jointly Administered)
---------------------------------------------------------------x

**DESIGNATION AND COUNTER-DESIGNATION OF CONTENTS FOR
RECORD ON APPEAL AND CROSS-APPEAL AND STATEMENT OF
ISSUES BY DELTA AIR LINES, INC. AND POST-EFFECTIVE DATE COMMITTEE**

---

[1] The Reorganized Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, Inc.; Kappa Capital Management, Inc.; and Song, LLC.

Pursuant to Fed R. Bankr. P. 8006, Delta Air Lines, Inc. ("Delta") and the Post-Effective Date Committee appointed under Delta's confirmed chapter 11 plan of reorganization (the "Committee"), through their undersigned counsel, hereby submit their designation and counter-designation (the "Designation and Counter-Designation") of items to be included in the record on appeal and cross-appeal to the United States District Court for the Southern District of New York from the "Order With Respect To TIA/SLV Objection 2" (the "Order"), entered by the United States Bankruptcy Court for the Southern District of New York (Hon. Adlai S. Hardin, Jr.) (the "Bankruptcy Court") on July 19, 2007 [Docket No. 6467].

On July 27, 2007, Delta and the Committee received electronic notification via the Bankruptcy Court's electronic document filing system of Northwestern Mutual Life Insurance Company's ("Northwestern" or the "Appellant") Notice of Appeal regarding the Order [Docket No. 6521]. On July 27, 2007, Delta and the Committee timely filed and served their own Notice of Appeal (the "Original Notice of Appeal") regarding the Order [Docket No. 6523]. On August 1, 2007, Delta and the Committee timely filed and served their Notice of Cross-Appeal, which covers the same matters addressed in the Original Notice [Docket No. 6545].

On August 2, 2007, Delta and the Committee received electronic notification of Appellant's Designation of Record and Statement of Issues to Be Presented on Appeal (the "Northwestern Designation") [Docket No. 6551].

Delta and the Committee hereby submit this Designation and Counter-Designation in support of their Original Notice of Appeal and Notice of Cross-Appeal and in response to the Northwestern Designation.

I. **DESIGNATION AND COUNTER-DESIGNATION OF DOCUMENTS TO BE INCLUDED IN THE RECORD ON APPEAL**

Delta and the Committee designate the following items for inclusion in the record on the appeal and cross-appeal, in addition to those specified in the Northwestern Designation:

1. Order Approving a Modified Term Sheet and an Extension of Section 1110 Deadlines, and Authorizing Agreements to Restructure Transactions Affecting Eighty-Eight Aircraft and Associated Engines, Equipment and Documents [Docket No. 2097].

2. Transcript of Hearing Held on January 31, 2007 at 2:38 P.M. re: Conference "DESIGNATED OBJECTION 1" Litigation With Respect to Overlapping SLV Claims and TIA Claims [Docket No. 4761].

3. Affidavit of Timothy C. Glenn in Support of Response of DFO Partnership to TIA/SLV Objection 1: Objection by Delta Airlines, Inc. and the Official Committee of Unsecured Creditors to Certain Claims filed by DFO Partnership and the Bank of New York for Tax Indemnities and Stipulated Loss Values [Docket No. 5231].

4. Declaration of Michael J. Edelman in Support of Response of Strategic Value Partners, LLC to TIA/SLV Objection 1 [Docket No. 5453].

5. Declaration of Michael J. Edelman in Support of Response of Bank of America, N.A. to TIA/SLV Objection 2 [Docket No. 5454].

6. Notice of Appeal [Docket No. 6523].

7. Notice of Cross-Appeal [Docket No. 6545].

8. Lease Agreement, dated as of April 1, 1992 and Amended and Restated as of March 1, 1993, between Wilmington Trust Company as Owner Trustee/Lessor and Delta Air Lines, Inc. as Lessee, attached hereto as Exhibit 1.

9.  Indemnity Agreement, dated as of April 1, 1992 and Amended and Restated as of March 1, 1993, between Northwestern Mutual Life Insurance Company as Owner Participant and Delta Air Lines, Inc. as Lessee, attached hereto as Exhibit 2.

10. Trust Indenture and Security Agreement, dated as of April 1, 1992 and Amended and Restated as of March 1, 1993, between Wilmington Trust Company as Owner Trustee and Nationsbank of Georgia, National Association as Indenture Trustee, attached hereto as Exhibit 3.

11. Participation Agreement, dated as of April 1, 1992 and Amended and Restated as of March 1, 1993, among Delta Air Lines, Inc. as Lessee, Northwestern Mutual Life Insurance Company as Owner Participant, Sumitomo Bank, Limited, Atlanta Agency, as Original Loan Participant, Wilmington Trust Company as Owner Trustee, Nationsbank of Georgia, National Association as Indenture Trustee and Nationsbank of South Carolina, National Association as Pass Through Trustee, attached hereto as Exhibit 4.

## II. STATEMENT OF ISSUES ON CROSS-APPEAL

Delta entered into leveraged lease financing transactions for certain aircraft. As part of those transactions, Delta entered into various agreements, including tax indemnity agreements ("TIAs") and aircraft leases. The aircraft leases provided that under certain conditions, Delta would be obligated to pay "stipulated loss values" to the lessors (or the persons to whom the lessors had assigned their rights). Delta and the Committee contend that "stipulated loss values" include compensation for the same matters that are addressed in tax indemnity agreements and that the parties' contracts recognize this overlap. Delta and the Committee objected to claims seeking tax indemnities ("TIA Claims") and claims seeking stipulated loss values ("SLV Claims") on the grounds, among others, that the claims sought compensation for

the same alleged tax losses and that allowance of both claims would impermissibly result in multiple claim allowances for a single alleged loss. The Bankruptcy Court held as a matter of law that TIA Claims and SLV Claims can both be allowed even if they address the same injuries and even if the allowance of both claims results in multiple claim allowances for a single loss. The Bankruptcy Court further held that certain provisions in the parties' contracts did not require reduction in SLV Claims unless TIA Claims had been paid prior to Delta's bankruptcy.

The issues raised on the appeal and cross-appeal filed by Delta and the Committee are:

1.     Whether the Bankruptcy Court erred as a matter of law in holding that (i) an owner participant's TIA Claim pursuant to the Tax Indemnification Agreement it entered into with Delta for a given aircraft and (ii) an indenture trustee's SLV Claim pursuant to the Lease for that same aircraft may each be "allowed" claims in bankruptcy, even if (a) those two claims overlap and represent multiple theories upon which a single loss may be recovered and (b) the allowance of the two claims would result in multiple claims allowances for a single alleged loss.

2.     Whether the Bankruptcy Court erred as a matter of law in holding that certain provisions in the parties' contracts do not permit the reduction of SLV Claims unless TIA Claims were paid prior to Delta's bankruptcy.

## III.     RESERVATION OF RIGHTS

Delta and the Committee each reserve the right to: (i) supplement, amend or modify this Designation and Counter-Designation as appropriate; and (ii) move to strike items designated in the Northwestern Designation that are inappropriate and make any related

SSL-DOCS1 1831850v2

arguments as to the propriety of including any such items designated in the Northwestern Designation.

Dated:   New York, New York
         August 6, 2007

                              STROOCK & STROOCK & LAVAN LLP

                              /s/ Kristopher M. Hansen
                              Lawrence M. Handelsman (LH-6957)
                              Kristopher M. Hansen (KH-6957)
                              Jayme T. Goldstein (JG -9054)
                              180 Maiden Lane
                              New York, New York 10038
                              Telephone: (212) 806-5400
                              Facsimile:  (212) 806-6006

                              Counsel for Delta Air Lines, Inc.

                              AKIN GUMP STRAUSS HAUER & FELD LLP
                              Daniel H. Golden (DG-5624)
                              David H. Botter (DB-2300)
                              Mitchell P. Hurley (MH-0740)
                              590 Madison Avenue
                              New York, New York 10022
                              Telephone: (212) 872-1000
                              Facsimile:  (212) 872-1002

                              Counsel for the Post-Effective Date Committee