Michael J. Edelman (ME-6476)
Vedder, Price, Kaufman & Kammholz, P.C.
1633 Broadway, 47th Floor
New York, New York 10019
Phone: (212) 407-7700

Douglas J. Lipke
Jonathan H. Bogaard
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
Phone: (312) 609-7500

*Counsel for Appellee*
*Bank of America, N.A.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,** | Case No. 07-CV-7745 (RB) (ECF Case) |
| **Appellant**, | Chapter 11 Case No. 05-17923 (ASH) |
| v. | (Jointly Administered) |
| **DELTA AIR LINES, INC. and THE POST-EFFECTIVE DATE COMMITTEE OF DELTA AIR LINES, INC., ET AL.** | |
| **Appellees.** | |

**APPELLEE BANK OF AMERICA, N.A.'S RESERVATION OF RIGHTS TO THE EXTENT ANY PARTIES SEEK REVERSAL OR MODIFICATION OF PORTION OF DECISION AND ORDER DENYING OBJECTIONS TO SLV CLAIMS**

Appellee Bank of America, N.A. ("*BofA*" or "*N182DN Lender*"), the beneficial holder of proof of claim number 5335 to the extent such proof of claim relates to the aircraft bearing FAA registration number N182DN (the "*N182DN Aircraft*") and the leveraged lease

transaction related to such Aircraft (such portion of the claim, the "*N182DN SLV Claim*"), by BofA's undersigned counsel, hereby submits its reservation of rights regarding this appeal.

## STATEMENT OF CASE AND FACTS RELEVANT TO THIS RESERVATION OF RIGHTS[1]

The Underlying Transaction and the Claims

This appeal addresses the claims objection litigation commenced by Appellee (i) Delta Air Lines, Inc., as chapter 11 debtor and debtor in possession (the "*Debtor*") in its chapter 11 case pending before the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*"), and (ii) the official committee of unsecured creditors in Debtor's chapter 11 case (the "*Committee*") against two distinct sets of claims relating to the leveraged lease transactions in which Debtor was the lessee, Appellant The Northwestern Mutual Life Insurance Company was the owner participant (the "*Owner Participant*"), Appellee The Bank of New York was the indenture trustee (the "*Indenture Trustee*"), and various lenders (collectively, the "*Lenders*") were the lenders. *See* D.39 (TIA/SLV Objection 2).[2] Appellee BofA is the Lender under the leveraged lease transaction relating to the N182DN Aircraft. *See* D.16 (Response of Bank of America, N.A. to TIA/SLV Objection 2).

The Claims against Delta

The Owner Participant has asserted claims against the Debtor in the Debtor's chapter 11 case arising under separate tax indemnity agreements ("*TIAs*") between the Owner Participant and Debtor (the so-called "*TIA Claims*"). Separately, the Indenture Trustee was

---

[1] To the extent that Appellees Debtor or the Post Effective Date Committee for Delta Air Lines, Inc. (the "*Post-Effective Date Committee*") seek to overrule the portion of the Bankruptcy Court's decision and order regarding the SLV Claim – which matters and issues are not the subject of the Owner Participant's brief on appeal, the undersigned will supplement this statement of the case and the operative facts in response to such matters.

[2] References to "D." followed by a number refers to the associated document listed in the Appellant Northwestern Mutual Life Insurance Company's designation of record, dated August 2, 2007.

assigned various rights arising under certain aircraft leases between owner trustees acting for the benefit of the Owner Participant and Delta to secure loan obligations. Pursuant to this assignment, the Indenture Trustee and/or the Lenders filed claims against Delta arising under the related aircraft leases (the "*SLV Claims*"). With respect to the N182DN leveraged lease transaction, BofA holds the N182DN SLV Claim. *See generally* D.16 (Response of Bank of America, N.A. to TIA/SLV Objection 2).

The Underlying Claims Objections

In the Debtor's chapter 11 case, the Debtor and the Committee objected to the SLV Claims and the TIA Claims on the grounds that:

(a) these claims overlapped each other and general bankruptcy law did not allow overlapping claims (and, accordingly, the SLV Claims and/or the TIA Claims should be reduced to prevent such overlap) (the "*General Overlap Objection*"),

(b) the terms of the TIAs required the disallowance or reduction of the TIA Claims due to the alleged overlap (the "*TIA Contractual Terms Objection*"), and

(c) the terms of the transaction documents required the reduction of the SLV Claims due to the alleged overlap (the "*SLV Contractual Terms Objection*").

*See* D.16 (TIA/SLV Objection 2). The only bases for attacking the SLV Claims were the General Overlap Objection and the SLV Contractual Terms Objection. *See* D.16 (TIA/SLV Objection 2)

The Bankruptcy Court's Decision

In its decision and related order (the "*Bankruptcy Court Decision and Order*"), the Bankruptcy Court overruled both the General Overlap Objection and the SLV Contractual Terms Objection. *See* D.39 (Decision on TIA/SLV Objections 1 & 2). Accordingly, the

Bankruptcy Court denied the only two bases asserted by the Debtor and the Committee for objecting to the SLV Claims.

The Bankruptcy Court granted the TIA Contractual Terms Objection and denied the Owner Participant's TIA Claims in their entirety.  *See* D.46 (Order with respect to TIA/SLV Objection 2).

The Appeals

Each of the Owner Participant, the Debtor and the Post-Effective Date Committee filed notices of appeal on July 27, 2007.  Although each of (a) the Owner Participant, on the one hand, and (b) the Debtor and the Post-Effective Date Committee, on the other hand, filed notices of appeal on the same date, the Owner Participant has been designated as the "Appellant" and the Debtor and the Post-Effective Date Committee have been designated as some of the "Appellees".  Accordingly, in this appeal only the Appellant Owner Participant filed an opening brief as of this date.  In this appeal, the Owner Participant has not challenged the Bankruptcy Court's rulings denying the Debtor's and the Post-Effective Date Committee's objections to the SLV Claims (including the N192DN SLV Claim).  Because the Appellant Owner Participant does not challenge the portions of the Bankruptcy Court Decision and Order regarding the SLV Claims, there is nothing for the Appellee BofA to respond to in this appeal as of the date hereof.

**RESERVATION OF RIGHTS**

Based upon their statement of issues on appeal, the Debtor and the Post-Effective Date Committee may seek to attack the portions of the Bankruptcy Court Decision and Order relating to the SLV Claims, *i.e.,* the denial of the General Overlap Objection and the SLV Contractual Terms Objection as they relate to the SLV Claims.

At this time, Appellee BofA is not filing a responsive brief to the Brief of the Owner Participant because (a) the Appellant Owner Participant only challenges the Bankruptcy Court's decision and order regarding the disallowance of the Owner Participant's TIA Claims; and (b) Owner Participant did not attack the Bankruptcy Court's rulings in which the Bankruptcy Court denied the General Overlap Objection and the SLV Contractual Terms Objection. Appellee BofA hereby fully reserves its right to file a response brief to any brief filed by the Appellees Debtor and/or Post-Effective Date Committee (or any other person or entity) that attacks the Bankruptcy Court's rulings in favor of the SLV Claims (which rulings were not challenged by the Appellant Owner Participant).

Appellee BofA also disagrees with, and reserves all rights (whether in this appeal (to the extent such matters become relevant in the future with respect to the SLV Claims) or in any other matter) regarding, (a) the Appellant's characterization regarding the allocation of the SLV Claims after a foreclosure has been effected (which foreclosure divested the equity of rights to the SLV Claims and the proceeds thereof), and (b) the Appellant's contentions regarding the impropriety of the term sheet transactions approved by the Bankruptcy Court with respect to the N182DN Aircraft.

[intentionally left blank.]

Dated: New York, New York.
November 13, 2007

Respectfully submitted,

**Vedder, Price, Kaufman & Kammholz, P.C.**

By: /s/ Michael J. Edelman
    Michael J. Edelman (ME-6476)
    1633 Broadway, 47th Floor
    New York, New York  10019
    Tel:     212-407-7700
    Fax:    212-407-7799
    E-mail:  MJEdelman@VedderPrice.com

    Douglas J. Lipke
    Jonathan H. Bogaard
    222 North LaSalle Street, Suite 2600
    Chicago, Illinois 60601
    Phone:   (312) 609-7500
    E-mail:  DLipke@VedderPrice.com
           JBogaard@VedderPrice.com

*Counsel for Appellee Bank of America, N.A.*