Lisa Hill Fenning (LF-9016) – *Admitted Pro Hac Vice*
DEWEY & LEBOEUF LLP
333 South Grand Avenue, Suite 2600
Los Angeles, California 90071-1530
Tel: (213) 621-6000 / Fax: (213) 621-6100
lfenning@dl.com

Elizabeth M. Guffy (EG-8659) – *Admitted Pro Hac Vice*
DEWEY & LEBOEUF LLP
401 Congress Avenue, Suite 3200
Austin, Texas 78701
Tel: (512) 226-0300 / Fax: (512) 226-0333
eguffy@dl.com

Irena M. Goldstein (IG-0736)
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019-6092
Tel: (212) 259-8000 / Fax: (212) 259-6333
igoldstein@dl.com

*Counsel for Appellant*
*The Northwestern Mutual Life Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X
THE NORTHWESTERN MUTUAL LIFE  :   Case No. 07-CV-7745 (RB)
INSURANCE COMPANY,            :   (ECF Case)
                              :
                              :   Chapter 11 Case No.
                Appellant,    :   05-17923 (ASH)
v.                            :
                              :   (Jointly Administered)
DELTA AIR LINES, INC. and     :
THE POST-EFFECTIVE DATE       :
COMMITTEE OF DELTA            :
AIR LINES, INC.,              :
                              :
                Appellees.    :
--------------------------------------------------------------X

**APPELLANT NORTHWESTERN MUTUAL'S SURREPLY TO THE REPLY
BRIEF OF APPELLEES DELTA AND THE POST-EFFECTIVE DATE
COMMITTEE ON THEIR CROSS-APPEAL**

For the first time on reply, the Reply Brief of Appellees Delta and the Post-Effective Date Committee on Their Cross-Appeal, filed on December 7, 2007, argues certain new legal theories and case law at pp. 3-5. This argument could have been but was <u>not</u> made in Delta's Amended Opening Brief on its cross appeal. Accordingly, Northwestern Mutual submits this Surreply, limited strictly to these new points. Delta's new argument is that, because the "parties" agreed to a liquidated damages provision (*i.e.*, the SLV claim), Northwestern Mutual cannot now seek "actual" damages (*i.e.*, the TIA claim). This argument must be rejected for three reasons.

First, this argument is procedurally improper. Never raised below as a grounds for objection, it is untimely under Fed.R.Bankr.P. Rule 3007 that requires 30 days written notice of all objections. Nor was this ground for objection litigated below. "[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal," unless the court finds either that (i) consideration is "necessary to remedy an obvious injustice" or (ii) "the elements of the claim were fully set forth and there is no need for additional fact finding." <u>Greene v. United States</u>, 13 F.3d 577, 586 (2d Cir. 1994). Finally, even if this argument had been raised below (and it was not), the bankruptcy court's mention of this issue in the Decision does not justify Delta's delay until its <u>reply</u> to attempt to ambush Northwestern Mutual with this argument, instead of presenting it in its opening brief on the cross-appeal.

Second, the underlying premises necessary for Delta's argument are contrary to fact. The claimants here are **not** parties to the same contract: Northwestern Mutual is not a party to the Lease, nor is the lessor (whether the Indenture Trustee or the Owner Trustee) a party to the TIA. Delta chooses completely to ignore the fundamental fact that two separate contracts with two distinct sets of parties and two separate remedies are at issue. (Cross-Appeal Reply at 3-5). Also factually erroneous is the assumption that the TIA Claim is an "actual" damages claim. It is not. On the contrary: it is a liquidated damages claim, based upon the hypothetical assumptions and formula set forth

1

in TIA § 2, which does not require evidence of actual tax returns or payments by Northwestern Mutual. (*See* TIA §§ 2 at 2, 5(a) at 11-13.)

Third, due to these erroneous factual assumptions, Delta's authorities are wholly inapposite on their facts. Each analyzes the enforceability of one contractual party's right to seek liquidated damages under one particular contract. See <u>Jarro Bldg. Indus. Corp. v. Schwartz</u>, 281 N.Y.S.2d 420 (N.Y. App. Div. 1967) (invalidating liquidated damages clause in contract providing for option to seek either liquidated or actual damages remedies under same contract); <u>CIT Group/Commercial Servs., Inc. v. Holladay-Tyler Printing Corp.</u>, 1995 WL 702343 (S.D.N.Y. Nov. 29, 1995) (upholding liquidated damages clause in contract providing for a capped amount of liquidated damages); <u>In re O.P.M. Leasing Services</u>, 23 B.R. 104 (Bankr. S.D.N.Y. 1982) (invalidating liquidated damages provision in contract providing for actual damages in addition to liquidated damages in same contract); <u>Walter E. Heller & Co. v. Am. Flyers Airline Corp.</u>, 459 F.2d 896 (2d Cir. 1972) (contractual liquidated damages clause not invalidated by boilerplate "cumulative" remedies language in same contract). None of Delta's cases involved two separate contracts between the defendant and two different parties, each of which includes independent liquidated damages clauses.

For the reasons set forth above, the Court should reject Delta's new legal theories and cases and affirm the lower court's decision with respect to the issues raised in Delta's Cross-Appeal.

Dated: December 12, 2007  
New York, New York

By:   /s/ Lisa Hill Fenning  
Lisa Hill Fenning (LF-9016) - *Admitted Pro Hac Vice*  
DEWEY & LEBOEUF LLP  
333 South Grand Avenue, 26th Floor  
Los Angeles, California 90071-1530  
Tel: (213) 621-6000 / Fax: (213) 621-6100  
lfenning@dl.com

*Counsel for Appellant*  
*The Northwestern Mutual Life Insurance Company*

246103