Lisa Hill Fenning (LF-9016) – *Admitted Pro Hac Vice*
DEWEY & LEBOEUF LLP
333 South Grand Avenue, Suite 2600
Los Angeles, California  90071-1530
Tel:  (213) 621-6000 / Fax:  (213) 621-6100
lfenning@dl.com

Elizabeth M. Guffy (EG-8659) – *Admitted Pro Hac Vice*
DEWEY & LEBOEUF LLP
401 Congress Avenue, Suite 3200
Austin, Texas  78701
Tel:  (512) 226-0300 / Fax:  (512) 226-0333
eguffy@dl.com

Irena M. Goldstein (IG-0736)
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York  10019-6092
Tel:  (212) 259-8000 / Fax:  (212) 259-6333
igoldstein@dl.com

*Counsel for Appellant*
*The Northwestern Mutual Life Insurance Company*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
**THE NORTHWESTERN MUTUAL LIFE**
**INSURANCE COMPANY,**

                                **Appellant,**

v.

**DELTA AIR LINES, INC. and**
**THE POST-EFFECTIVE DATE**
**COMMITTEE OF DELTA**
**AIR LINES, INC.,**

                                **Appellees.**
---------------------------------------------------------------X

**Case No. 07-CV-7745 (RB)**
(ECF Case)

Chapter 11 Case No.
05-17923 (ASH)

(Jointly Administered)

**APPELLANT NORTHWESTERN MUTUAL'S**
**SUPPLEMENTAL CITATION IN SUPPORT OF ITS APPEAL**

Appellant The Northwestern Mutual Life Insurance Company ("Northwestern Mutual") files this supplemental brief to bring to the Court's attention a May 2008 ruling that reversed Judge Hardin's disallowance of certain other TIA claims in the Delta Airlines case, after this appeal was fully briefed. In *Lone Star Air Partners, LLC v. Delta Air Lines, Inc.*, 387 B.R. 426 (S.D.N.Y. 2008), Judge Scheindlin rejected Judge Hardin's contract interpretation as ignoring the plain meaning of the contract terms, and his conclusions as contrary to the whole purpose for having TIAs in these complex aircraft leasing transactions. These same analytic flaws infect the ruling below in this appeal and similarly justify reversal here. A copy of the *Lone Star* opinion is attached for the Court's convenience as Exhibit A.[1]

In both cases, the bankruptcy court below read into the TIAs certain defenses that the plain language did not grant to Delta: as to *Lone Star*, interpreting the contract to include "'the inherent power of any party to contractual arrangements to renegotiate the terms of those arrangements'" (*Lone Star*, 387 B.R. at 433); as to Northwestern Mutual, interpreting the contract "in the context of bankruptcy." In *Lone Star*, the District Court reversed the bankruptcy court's ruling that the Indenture Trustee's renegotiation of the Lone Star leases with Delta, and its subsequent notice of foreclosure and auction sale pursuant to that restructuring, did not qualify as the "exercise of a remedy" under the plain meaning of Section 15 of the Leases, holding that, on the contrary, the plain language compelled the conclusion that the foreclosure action did so qualify. In the ruling below, the bankruptcy court similarly refused to give effect to the TIAs' express requirement that Delta was excused from liability under the TIAs only upon payment in full in "U.S. dollars" and "in immediately available funds" (Lease § 3(d) at 17; TIA § 12 at 28), not by means of partial payment in the form of Delta common stock. Like the ruling below in *Lone Star*, this refusal to interpret the TIAs according to the terms and definitions set forth therein is plain error.

Significantly, the *Lone Star* District Court emphasized that Lone Star's tax losses were <u>exactly</u> the type of losses from Delta's lease defaults for which the TIAs were supposed to

---

[1] Delta has since appealed the decision to the Second Circuit, where the matter has not yet been fully briefed.

provide compensation. Id. at 434. Thus, upon foreclosure or a lease restructuring to which it was not a party,

> . . . Lone Star would not only lose its interest in the Trusts and its future streams of rental income (minus debt service), but it would also suffer tax consequences. <u>The purpose of the TIAs was to address such a circumstance – to provide Lone Star with a remedy against Delta for its tax loss when Delta's acts or omissions resulted in a default that caused the loss</u>.

Id. (emphasis supplied). It is similarly undisputed here that Northwestern Mutual suffered tax losses as a direct result of Delta's defaults under the Leases – losses for which it will receive no compensation unless the TIAs are given their proper effect, because the SLV amount is not going to be paid in full in cash.

As in the *Lone Star* case, the bankruptcy court read into the TIAs defenses that their plain meaning cannot support. Accordingly, as in the *Lone Star* case, the bankruptcy court's decision should be reversed.

Dated: July 29, 2008         By:    /s/ Lisa Hill Fenning
New York, New York           Lisa Hill Fenning (LF-9016) - A*dmitted Pro Hac Vice*
                             DEWEY & LEBOEUF LLP
                             333 South Grand Avenue, 26th Floor
                             Los Angeles, California 90071-1530
                             Tel:  (213) 621-6000 / Fax:  (213) 621-6100
                             lfenning@dl.com

                             *Counsel for Appellant*
                             *The Northwestern Mutual Life Insurance Company*

249635